NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEHINDE TAIWO,**
*Petitioner,*

v.

**OFFICE OF COMPLIANCE,**
*Respondent.*

---

2011-6002 .

---

On petition for review of a decision of the Board of Directors of the Office of Compliance, case no. 10-AC-25.

---

## ON MOTION

---

Before LOURIE, PROST, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

### ORDER

The Office of Compliance moves for summary affirmance of the decision of the Board of Directors of the Office of Compliance ("Board") that affirmed the Hearing Officer's dismissal of Kehinde Taiwo's complaint for failure to proceed and failure to prosecute. Mr. Taiwo

opposes. The Office of Compliance replies. Mr. Taiwo also moves for leave to proceed in forma pauperis.

Mr. Taiwo, represented by counsel, filed with the Office of Compliance a complaint against the Office of the Architect of the Capitol on August 26, 2010. On October 5, 2010, the Hearing Officer set October 18, 2010 as the hearing date. After neither Mr. Taiwo nor his counsel appeared for the hearing, the Hearing Officer issued orders directing Mr. Taiwo to show cause for the failure to appear at the scheduled hearing or for the failure to timely request an extension of the hearing date. Mr. Taiwo responded.

In December of 2010, the Hearing Officer dismissed the complaint for failure to proceed and for failure to prosecute. Regarding the failure to proceed, and specifically the failure to attend the hearing, the Hearing Officer made the following finding in his dismissal order:

> Complainant's counsel did not contact the Hearing Officer until one hour after the scheduled start of the hearing, after messages had been left in his voice mail. Complainant's counsel proffered the excuse that he suffered an automobile failure, but failed to provide an explanation for why Complainant did not appear.

The Hearing Officer also found that Mr. Taiwo and counsel failed to provide the requested information regarding why there was no timely request for an extension of the hearing date.

Regarding the failure to prosecute, the Hearing Officer also held that Mr. Taiwo and counsel failed to timely file the required "Jurisdictional Statement." The Hearing Officer considered counsel's response on the issue

and stated that counsel's response was insufficient to justify the belated filing of the Jurisdictional Statement and that the late-filed Jurisdictional Statement lacked the requisite information.

Through counsel, Mr. Taiwo filed an appeal seeking review by the Board. Mr. Taiwo requested an extension of time to file his brief with the Board. The Board granted an extension of time and ordered that "no further extensions would be granted." After the extended date expired, Mr. Taiwo requested an additional extension of time which was denied. Counsel for Mr. Taiwo states that he sought reconsideration of that order and that reconsideration was denied. Thus, no brief was filed with the Board and no arguments were made to the Board why the Hearing Officer's dismissal of the complaint should be reversed.

On May 13, 2011, the Board affirmed the dismissal of the complaint, noting that "[t]he appellant did not file a supporting brief." The Board stated that it agreed with the Hearing Officer's determinations that Mr. Taiwo failed to proceed and failed to prosecute and that those failures warranted dismissal of the complaint. Mr. Taiwo now petitions this court for review of the Board's decision.

The Office of Compliance moves this court to summarily affirm the Board's decision that affirmed the Hearing Officer's dismissal order. The Office of Compliance also argues that Mr. Taiwo cannot now raise arguments to this court that were not first made before the Board. Summary disposition of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Mr. Taiwo argues that this court should review the Board's refusal to grant an extension of time to file his brief after the Board had ordered that no further extensions would be granted. The Board clearly has discretion to schedule such matters, and Mr. Taiwo has shown no abuse of that discretion in his response to the motion for summary affirmance. Having thus determined that the Board's procedural rulings should be affirmed, we also determine that the other issues raised by Mr. Taiwo are not properly before this court.

In his response to the motion for summary affirmance, Mr. Taiwo also makes arguments concerning the Hearing Officer's dismissal of his complaint. The Office of Compliance correctly notes that those arguments are not before this court because he failed to file a brief first presenting those issues to the Board.

In *Sims v. Apfel*, 530 U.S. 103 (2000), the Supreme Court considered circumstances in which an appellant or petitioner may not raise issues to a court of appeals that were not first raised before the agency on review. The Court explained that there may be three sources for a ruling that a petitioner is precluded from raising issues in a court of appeals that were not first raised before the agency: (1) in the statute requiring issue exhaustion; (2) in an agency's regulation requiring issue exhaustion; or (3) in the absence of a statute or regulation, issue exhaustion may also be required if the administrative proceeding is adversarial in nature. *Id.* at 107-110. In *Sims*, the Court held that no statute or regulation required issue exhaustion and that the Social Security proceedings on review in the court of appeals were "inquisitorial rather than adversarial." *Id.* at 111.

In this case, the Office of Compliance argues that one of its procedural rules, OOC Procedural Rule § 8.01(b)(1), supports issue exhaustion because it requires the appel-

lant to file a brief that "shall identify with particularity those findings or conclusions in the decision and order that are challenged and shall refer specifically to the portions of the record and the provisions of statutes or rules that are alleged to support each assertion made on appeal." The Office of Compliance also argues that review by the Board is an adversarial proceeding in which issue exhaustion should be required. Mr. Taiwo does not respond to either of these arguments. We agree with the Office of Compliance that the proceedings before the Board are adversarial, unlike the proceedings in *Sims*, and that issue exhaustion is required in the circumstances. "Where the parties are expected to develop the issues in an adversarial administrative proceeding, it seems to us that the rationale for requiring issue exhaustion is at its greatest." *Sims*, 530 U.S. at 110.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion for summary affirmance is granted.

(2) The motion to proceed in forma pauperis is moot.

FOR THE COURT

FEB 2 7 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Dalton J. Howard, Jr., Esq.
     Peter A. Eveleth, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 2 7 2012

JAN HORBALY
CLERK